IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MELISSA SALESKI-SHINGARA, | : | 4:14-CV-00085 |
| | : | |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| | : | |
| VNA HEALTH SYSTEMS and | : | |
| YVONNE TIMCO, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**
November 5, 2014

Defendants, VNA Health Systems[1] and Yvonne Timco, jointly filed a

Motion to Dismiss Plaintiff Melissa Saleski-Shingara's Complaint for lack of

subject matter jurisdiction and failure to state a claim upon which relief can be

granted pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil

Procedure.  Plaintiff's eight-count Complaint, filed January 17, 2014, alleges

violations of her rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §

2000e, *et seq* (hereinafter "Title VII"), the Pregnancy Discrimination Act, 42

U.S.C. § 2000e, e*t seq*, the Pennsylvania Human Relations Act, 43 P.S. § 953, *et*

*seq* (hereinafter the "PHRA"), the Americans with Disabilities Act, 42 U.S.C.      §

---

[1] Defendants claim that Plaintiff incorrectly named her former employer in her Complaint as "VNA Health Systems" when the true name of her employer is VNA Health System.

12101, *et seq* (hereinafter the "ADA"), and the Family and Medical Leave Act, 29

U.S.C. § 2601, *et seq* (hereinafter "FMLA").

In her Complaint, Plaintiff asserts claims of sexual discrimination (Count I),

hostile work environment based on sex (Count II), pregnancy discrimination

(Count III), discrimination due to having small children (Count IV), pregnancy and

disability discrimination pursuant to the PHRA (Count V), wrongful discharge

(Count VI), disability discrimination pursuant to the ADA (Count VII), and

violations of the FMLA (Count VIII).  All of these Counts are asserted against

VNA Health Systems; only Counts III, IV, V, VII and VIII are asserted against

Defendant Timco.

For the reasons discussed, Defendants' Motion to Dismiss is granted in part

and denied in part.  Counts VI and VII are dismissed with prejudice in their

entirety.  Counts III and IV are dismissed with prejudice as against Defendant

Timco.  Moreover, Counts V and VIII are dismissed without prejudice as against

both Defendants.  Finally, Counts I, II, and IV are dismissed without prejudice as

against VNA.  Plaintiff has leave to amend all Counts dismissed without prejudice

in accordance with this Court's decision.

## I. BACKGROUND

On January 17, 2014, Plaintiff Melissa Saleski-Shingara initiated the above-

captioned civil action by filing a Complaint with this Court alleging various claims of discrimination based on her gender, pregnancy, disability and parental status, as well as claims for wrongful discharge and violations of the FMLA. (ECF No. 1).

Plaintiff, a female, was hired by Defendant VNA Health Systems (hereinafter, "VNA") as a registered nurse in January 2006.  Her direct supervisor at all times was Defendant Yvonne Timco.  While employed by VNA, Plaintiff had children in 2011 and 2012, and as of the date of this Complaint she had a total of five children.  Plaintiff also suffers from multiple sclerosis.

On numerous occasions throughout Plaintiff's employment with VNA, Defendant Timco allegedly made comments to Plaintiff regarding Plaintiff's pregnancies including, "when are you getting fixed?", "when are you getting your tubes tied?" and "when is your husband getting his balls snipped?"  After the birth of her fourth child, Plaintiff returned to work and told Defendant Timco that she was pregnant once again.  It is unclear in what year this occurred.  In response Defendant Timco stated, "I am going to stop hiring woman of child bearing age."

Thereafter, Defendant Timco began to take adverse actions against Plaintiff, including refusing to extend holidays such as the day after Thanksgiving and Christmas Day, even though Plaintiff had seniority and had previously taken off those days; other employees with less seniority were given those days off from

3

work.  Moreover, Defendant Timco, allegedly with the knowledge of VNA's CEO, Joseph Scopelliti, M.D., began a pattern of harassment against Plaintiff.  She verbally reprimanded Plaintiff about submitting certain documents in an untimely manner and chastised Plaintiff about her whereabouts when she was using the restroom.  Additionally, Defendant Timco began to question Plaintiff about her whereabouts when she went to a doctor's appointment for her pregnancy and told Plaintiff that she was to advise Defendant Timco of her whereabouts at all times when she was not with a patient even though no other nurses were questioned about their whereabouts on similar tasks.

Plaintiff took maternity leave on March 7, 2012.  On March 26, 2012, Plaintiff contacted VNA's payroll clerk and inquired about her remaining sick and vacation time.  Plaintiff stated that she had been employed with VNA for six years, and after five years she was supposed to have three weeks of vacation.  However, the payroll clerk informed her that there had been no changes in her vacation time and she only had forty hours of remaining vacation time.

In the beginning of May 2012, Plaintiff received a letter informing her that she would be considered as having abandoned her job if Plaintiff did not contact her employer, since no one had been able to get into contact with her.  She responded ten minutes after receiving the letter and explained that she was never

4

told to contact anyone while she was on maternity leave.  Several days later, on May 9, 2012, Plaintiff was advised that the FMLA policy at VNA had been revised shortly after she had begun her maternity leave and that she therefore had no more FMLA leave or maternity leave available to her after May 30, 2012. VNA informed her that she must return to work on that date or her job would be terminated.  Plaintiff had not received any notice of the change in the FMLA policy.  Shortly thereafter, Plaintiff received a letter from an employee of VNA which stated that they had accepted her verbal resignation due to medical reasons. Plaintiff immediately informed her employer that she had not resigned.

Unfortunately, Plaintiff was not able to return to work until June 15, 2014 because of pregnancy complications due to her multiple sclerosis.  Nevertheless, Plaintiff was terminated by VNA on May 31, 2012 when she did not return to work and along with it Plaintiff's health insurance, which is critical to treat Plaintiff's multiple sclerosis.  Plaintiff was therefore unable to obtain medicine for her treatment and as a result she became dizzy, seriously ill, and lost her vision. Moreover, Plaintiff was unable to work until October 21, 2013 because VNA told her if she attempted to find a job the company would initiate legal action against her for violating two non-compete agreements which she had signed when she first obtained employment at VNA.

As stated previously, Plaintiff asserts in her Complaint eight claims against Defendants including sexual discrimination (Count I), hostile work environment based on sex (Count II), pregnancy discrimination (Count III), discrimination based on having small children (Count VI), pregnancy and disability discrimination pursuant to the PHRA (Count V), wrongful discharge (Count VI), disability discrimination pursuant to the ADA (Count VII), and violations of the FMLA (Count VIII).

On March 24, 2014, Defendants jointly filed a Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). (ECF No.5).  Defendants first argue that Plaintiff has failed to exhaust her administrative remedies as to her allegations of sexual discrimination, hostile work environment based on sex, small children discrimination and disability discrimination in Counts I, II, IV, V and VII. They next argue that Plaintiff cannot state a claim for pregnancy discrimination under Count III because she was not pregnant at the time that the adverse employment action was taken.  Additionally, Defendants argue that a claim for discrimination based on having small children under Count IV cannot survive because neither Title VII nor the PHRA protect parents of small children.  Further,

they argue that a common law claim for wrongful discharge under Count VI is unavailable to Plaintiff because the PHRA provides a statutory remedy that precludes any action for wrongful discharge based on discrimination.  Finally, Defendants argue that Plaintiff's FMLA claim in Count VIII must fail as a matter of law because Plaintiff did not and cannot plead that she was entitled to benefits under the FMLA.

As relates solely to the claims against Yvonne Timco, Defendants assert that Counts III, IV and VII must be dismissed because individuals may not be held liable under Title VII or the ADA.  Moreover, they argue that Plaintiff has failed to exhaust her administrative remedies under the PHRA for the claims of pregnancy and disability discrimination asserted in Count V.  This matter is now ripe for disposition.

## II. DISCUSSION

### A. Motion to Dismiss Standard

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court must view all allegations stated in the complaint as true and construe all inferences in the light most favorable to plaintiff.  *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993).  However,  "the tenet that a court must accept as true all of the [factual]

allegations contained in the complaint is inapplicable to legal conclusions."
*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).   In ruling
on such a motion, the court primarily considers the allegations of the pleading, but
is not required to consider legal conclusions alleged in the complaint.   *Kost*, 1 F.3d
at 183.   "Threadbare recitals of the elements of a cause of action, supported by
mere conclusory statements, do not suffice."   *Iqbal*, 556 U.S. at 678.   At the
motion to dismiss stage, the court considers whether plaintiff is entitled to offer
evidence to support the allegations in the complaint.   *Maio v. Aetna, Inc.*, 221 F.3d
472, 482 (3d Cir. 2000).

A complaint should only be dismissed if, accepting as true all of the
allegations in the amended complaint, plaintiff has not pled enough facts to state a
claim to relief that is plausible on its face.   *Bell Atlantic Corp. v. Twombly*, 550
U.S. 544, 561 (2007).   "Determining whether a complaint states a plausible claim
for relief will . . . be a context-specific task that requires the reviewing court to
draw on its judicial experience and common sense."   *Iqbal*, 556 U.S. at 663-664.

"In considering a Rule 12(b)(6) motion, we must be mindful that federal
courts require notice pleading, as opposed to the heightened standard of fact
pleading."   *Hellmann v. Kercher*, No. 07-1373, 2008 WL 1969311 at * 3 (W.D. Pa.
May 5, 2008) (Lancaster, J.).   Federal Rule of Civil Procedure 8 "requires only a

'short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the…claim is and the grounds on which it rests,'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 554 (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief. *See Hellmann*, 2008 WL 1969311 at *3.  Instead, a plaintiff must make a factual showing of his entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. *See Twombly*, 550 U.S. at 561. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - - but it has not "shown" - - "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (*quoting* Fed. R. Civ. P. 8(a)).


The failure-to-state-a-claim standard of Rule 12(b)(6) "streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989).  A court may dismiss a claim under Rule 12(b)(6) where there is a "dispositive issue of law." *Id*. at 326.  If it is beyond a doubt that the non-moving party can prove no set of facts in support of its allegations, then a claim must be dismissed "without regard to whether it is based on an outlandish

legal theory or on a close but ultimately unavailing one." *Id.* at 327.

## B. Failure to Exhaust Administrative Remedies

Defendants first argue that Counts I, II, IV, V and VII of Plaintiff's Complaint must be dismissed because Plaintiff failed to exhaust her administrative remedies under both Title VII and the PHRA, as against both VNA and Defendant Timco. Defendants contend that even though Plaintiff filed a complaint with the EEOC, she failed to discuss sex discrimination, hostile work environment based on sex, small children discrimination, and disability discrimination in her EEOC charge; as such, she has not exhausted her administrative remedies for those claims.  Rather, they argue, Plaintiff only mentioned pregnancy discrimination in her EEOC complaint and therefore that is the only claim she may now assert in court.

A plaintiff seeking relief under Title VII must first exhaust his or her administrative remedies.  42 U.S.C. § 2000e-16; *see McKart v. United States*, 395 U.S. 185, 193 (1969); *see also Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 2010) ("[T]he purposes of the exhaustion requirement are to promote administrative efficiency, respect executive autonomy by allowing an agency the opportunity to correct its own errors, provide courts with the benefit of an agency's expertise, and serve judicial economy by having the administrative agency compile

the factual record.") (citations omitted).  This requires that a plaintiff in

Pennsylvania, which has a state agency with authority to investigate claims of

employment discrimination, file charges with the EEOC within 300 days after the

alleged unlawful practice occurred. 42 U.S.C. § 2000e-5; *see Watson v. Eastman*

*Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000).

This obligation is a condition precedent to filing suit under Title VII and

must be pled in the plaintiff's complaint.  *See Hornsby v. United States Postal*

*Service*, 787 F.2d 87, 90 (3d Cir. 1986) ("A complaint does not state a claim upon

which relief may be granted unless it asserts the satisfaction of the precondition to

suit specified by Title VII: prior submission of the claim to the EEOC . . . for

conciliation or resolution.").  The pleading of a condition precedent to the initiation

of a lawsuit is governed by Federal Rule of Civil Procedure 9(c), which states in

pertinent part, "In pleading conditions precedent, it suffices to allege generally that

all conditions precedent have occurred or been performed." Fed. R. Civ. P. 9(c).

Similarly, in order to proceed with a claim under the PHRA, the complainant

must first file a complaint with the PHRC within 180 days after the alleged

discriminatory act occurred.  43 Pa.S. §§ 959(a), 962; *see Woodson v. Scott Paper*

*Co.*, 109 F.3d 913, 924 (3d Cir. 1997); *Lantz v. Hosp. of Univ. of Pa.*, No. 96-2671,

1996 WL 442795, at *3 (E.D.Pa. July 30, 1996).  In order to proceed with his or

her claim in court, a plaintiff must plead exhaustion of these requirements;

"[f]ailure to exhaust remedies under the PHRA would preclude [the] court from

exercising jurisdiction over a claim for violation of the PHRA." *Lantz*, 1996 WL

442795, at *3.

"[T]he parameters of the civil action in the district court are defined by the

scope of the EEOC investigation which can reasonably be expected to grow out of

the charge of discrimination." *Atkinson v. LaFayette College*, 460 F.3d 447, 453

(3d Cir. 2006) (quoting *Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398-99

(3d Cir. 1976)).  This means that a subsequent civil action may only encompass

forms of discrimination similar to or related to those filed in the EEOC charge. *See*

*Kresefky v. Panazonic Communs. & Sys. Co.*, 169 F.R.D. 54, 61 (D.N.J. 1996).

Courts generally take a "fact-specific" approach to this inquiry, which requires

careful scrutiny into "the prior pending EEOC complaint and the unexhausted

claim on a case-by-case basis before determining that a second complaint need not

have been filed." *Robinson*, 107 F.3d at 1024.  More specifically, courts must

consider whether there is a "close nexus between the facts supporting each claim or

whether additional charges in the judicial complaint may fairly be considered

explanations of the original charge or growing out of it." *Janis v. La-Z-Boy*

*Furniture Galleries*, No. 05-2410, 2006 WL 724157, at *5 (E.D.Pa. Mar. 17,

12

2006).

Plaintiff asserts similar facts in her EEOC complaint as in her Complaint. She discusses the comments made by Defendant Timco after Plaintiff reported her impending pregnancy and the various discriminatory actions subsequently taken against her.  She checked off the box marked "sex" on the EEOC form.  Plaintiff further alleges that she told her EEOC representative that she was discriminated against based on her multiple sclerosis, but there is no indication within the EEOC complaint that she was alleging such a claim.

Viewing the facts in the light most favorable to the Plaintiff, dismissal for the claims of sexual discrimination, discrimination due to small children, and hostile work environment based on sex is inappropriate at this juncture, and these claims will survive a motion to dismiss.  It is plausible that these claims could fall within the scope of permissibility given the facts that she alleged in her complaint to the EEOC, or at least reasonably expected to grow out of her administrative complaint.  The Court would greatly benefit from the development of an exhaustive record following discovery and a more complete exposition by the parties of the issues involved.

However, even interpreting Plaintiff's EEOC charge liberally, the ADA claim in Count VII must be dismissed because her EEOC complaint does not even

vaguely allude to her multiple sclerosis or any discrimination which was predicated on that disability.  There is absolutely nothing in the complaint which would put VNA or Defendant Timco on notice that she was going to be asserting a claim for disability discrimination.  The fact that she may have discussed such discrimination with her EEOC representative is irrelevant to the determination at hand. *See Barzanty v. Verizon PA, Inc.*, 361 Fed.Appx. 411, 415 (3d Cir. 2010) ("The EEOC Charge Form and the Intake Questionnaire serve different purposes. . . .  Moreover, the Intake Questionnaire is not shared with the employer during the pendency of the EEOC investigation. . . . A plaintiff cannot be allowed to transfer the allegations mentioned in the questionnaire to the charge itself.  Not only would this be circumventing the role of the Commission, but it would be prejudicial to the employer.").  Therefore, Count VII of Plaintiff's Complaint must be dismissed with prejudice, and that dismissal consequently applies to both Defendants.

As an additional matter, Plaintiff did not assert that she filed a charge with the EEOC in her Complaint; rather, the first time that she mentions following the steps prescribed by Title VII is in her Brief in Opposition to Defendants' Motion to Dismiss. (ECF No. 12).  Facts contained in a memorandum opposing the motion to dismiss are not to be taken into account by the Court, because such memoranda do not constitute pleadings under Rule 7(a). James Wm. Moore *et al.*, *Moore's*

*Federal Practice*, § 12.34[b]; *see also Pennsylvania ex rel. Zimmerman v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1981) ("legal theories set forth in Pennsylvania's brief are helpful only to the extent that they find support in the allegations set forth in the complaint."). As a mandatory condition precedent, Plaintiff's Complaint therefore fails to meet the jurisdictional requirements necessary to file a claim in this Court and Counts I, II, and IV are dismissed without prejudice with leave to amend to assert exhaustion of administrative remedies under Title VII.

Furthermore, Plaintiff has asserted in Count V of her Complaint that the Defendants violated the PHRA when they discriminated against her because of her pregnancy and because of her multiple sclerosis. However, Plaintiff has failed entirely to plead an exhaustion of administrative remedies under the PHRA. Defendants have, however, attached what appears to be a complaint filed with the PHRC to their Motion to Dismiss. Plaintiff is again, however, required to plead exhaustion of administrative remedies under the PHRA as a mandatory precondition to any judicial claim. As such, Count V of Plaintiff's Complaint fails to meet the jurisdictional requirements necessary to file a claim in this Court. For that reason, Count V of Plaintiff's Complaint is dismissed without prejudice with leave to amend to assert exhaustion of administrative remedies under the PHRA.

Accordingly, Count VII is dismissed with prejudice. However, Counts I, II,

15

IV, and V are dismissed without prejudice with leave to amend to allege in the Complaint exhaustion of administrative remedies.

## C. Pregnancy Discrimination

Defendants next allege that Count III of the Plaintiff's Complaint relating to pregnancy discrimination should be dismissed for failure to state a claim because Plaintiff was not pregnant at the time her employment ended.  In response, Plaintiff argues that the pregnancy discrimination began while Plaintiff was still at work and before the child was born, and that, moreover, the reason why Plaintiff was off from work at the time of her termination was because of complications due to her pregnancy because of her multiple sclerosis.

The Pregnancy Discrimination Act makes it an "unlawful employment practice for an employer to discriminate against any of his employees because he has opposed any practice made an unlawful practice by this subchapter." 42 U.S.C. § 2000e-3(a).  It further expounds that "the terms 'because of sex' or 'on the basis of sex' include but are not limited to, because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions, shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k); *see Doe v. C.A.R.S.*

16

*Protection Plus, Inc.*, 527 F.3d 358, 363 (3d Cir. 2008).

In their brief, Defendants cite to *Solomen v. Redwood Advisory Co.*, 183 F.Supp.2d 748 (E.D.Pa. 2002) for the proposition that Plaintiff must be pregnant at the time the adverse employment action is taken in order to have a valid claim under the Pregnancy Discrimination Act.  A closer reading of *Solomen* actually states that the employee must have been pregnant at *or near* the time of termination. In fact, *Solomen* itself cites to multiple cases where discrimination was found in situations nearly identical to the one at bar.  *See Marzano v. Computer Science Corp. Inc.*, 91 F.3d 487 (3d Cir. 1996) (plaintiff fired during maternity leave); *see also Jacobson v. Regent Assisted Living*, No. CV-98-564-ST, 1999 WL 373790 (D.O 1999) (harassment began during maternity leave and plaintiff was terminated two and a half months after returning to work full-time).  Further, even if the Plaintiff was not pregnant at or near the time of termination, she simply has "some additional burden in making out a prima facie case," which means she "must present some evidence that she was still affected by pregnancy, childbirth or related medical conditions at the time she was terminated." *Solomen*, 183 F.Supp.2d at 754.

In this case, Plaintiff had her child on March 30, 2012, and she was terminated from her position with VNA on May 31, 2012, two months later.  By

the very text of the statute, Plaintiff need not be pregnant at the exact time that the adverse employment action is taken and, under *Solomen*, termination need only occur *near* the time of pregnancy.  The appropriate inquiry is whether the adverse action was taken because of or on the basis of pregnancy, childbirth, or other related medical conditions.  Plaintiff avers that Defendants terminated her solely as a result of her pregnancy, which was complicated by her multiple sclerosis.  As such, Plaintiff has adequately alleged at this stage in the proceeding that her termination was directly caused by her pregnancy and subsequent medical complications to her pregnancy.

Moreover, even if two months is considered too far removed from Plaintiff's pregnancy under *Solomen*, she need only allege some additional evidence that she was still affected by the pregnancy or related medical conditions.  Plaintiff has satisfied this requirement as well.  She stated that she was terminated while still on leave after having taken time off for her pregnancy which was later complicated by multiple sclerosis.  Complications to pregnancy would constitute being "still affected by" pregnancy.  As such, Plaintiff has adequately pled a claim under Count III for pregnancy discrimination.

**D. Discrimination Due to Having Small Children**

Defendant next alleges that Count IV of Plaintiff's Complaint, which asserts

a claim of discrimination due to having small children, should be dismissed because such a claim is not provided for under Title VII or the PHRA.  Nor, Defendants argue, has Plaintiff alleged sufficient factual evidence to state a claim for sex-plus discrimination.

Defendant is correct in pointing out that such a claim of discrimination due to having small children is quite novel, and Plaintiff cites to no legal statute to support her claim.  To this Court's knowledge, parental status is not a protected characteristic in and of itself under either Title VII or the PHRA. *See Necesselrotte v. Allegheny Energy, Inc.*, No. 06–01390, 2009 WL 703395 at *11 (W.D.Pa. March 16, 2009) (citing *Coleman v. B-G Maint. Mgmt.*, 108 F.3d 1199, 1203 (10th Cir. 1997)); *see also Deans v. Kennedy House, Inc.*, 998 F.Supp.2d 393, 412 n.16 (E.D.Pa. 2014).  Plaintiff concedes as much in her Brief in Opposition of Defendants' Motion to Dismiss.

However, in her brief Plaintiff appears to argue a form of sex-plus discrimination, whereby she states that she "pled Count IV because the Defendants were discriminating against her based on her sex" and "[t]he Defendants constantly complained to the Plaintiff about being pregnant with other children."  Sex-plus discrimination cases were first identified by the Supreme Court in *Phillips v. Martin Marietta Corp.*, 400 U.S. 542, 544 (1971), where the Court held that Title

19

VII does not permit an employer to have "one hiring policy for women and another for men - each having pre-school-age children."  Fundamentally, however, sex-plus discrimination is merely a form of gender discrimination. *See Tingley-Kelley v. Trustees of Univ. of Pa.*, 677 F.Supp.2d 764, 775 (E.D.Pa. 2010).  As such, the analysis of a sex-plus discrimination claim resembles that of a gender discrimination claim. *Id.*

To establish a prima facie case based on familial responsibilities, Plaintiff must demonstrate that: (1) she was a woman with young children; (2) she is qualified for the position; (3) she suffered an adverse employment action; and (4) the circumstances of her termination give rise to an inference of discrimination such as might occur when the position is filled by a person not of the protected class. *See Nesselrotte*, 2009 WL 703395 at *9; *see also Weightman v. Bank of N.Y. Mellon Corp.*, 772 F.Supp.2d 693, 703 (W.D.Pa. 2011) (citing *Jones v. School Dist. of Philadelphia*, 198 F.3d 403, 410 (3d Cir. 1999)).

To the extent that Plaintiff is making a sex-plus claim for gender discrimination under Title VII, she fails to adequately plead such a claim. Though she pleads the first three elements along with her sex discrimination claim, she has not pled that the circumstances of her termination give rise to an inference of discrimination based on her sex plus her parental status.   However, the Court has

no indication that Plaintiff would be unable to plausibly plead a sex-plus gender discrimination claim; therefore, Count IV will be dismissed without prejudice with leave to amend to allege that the circumstances surrounding her termination create an inference of discrimination, such as where a person not of the protected class was treated differently than she was.

## E. Wrongful Discharge

In Count VI of her Complaint Plaintiff asserts a common law wrongful discharge claim based upon gender discrimination. However, a claim for wrongful discharge can only be maintained where there is no available statutory remedy. *See Freeman v. McKeller*, 795 F.Supp. 733, 745 (E.D.Pa. 1992). The PHRA provides a statutory remedy through which a plaintiff can seek redress for discharge based on discriminatory reasons; as such, a common law wrongful discharge claim is precluded under the PHRA. *See Brown v. St. Luke's Hosp.*, 816 F.Supp 342, 344 (E.D.Pa. 1993) ("plaintiff cannot maintain a common law cause of action for wrongful discharge based upon her termination for allegedly racial reasons, but must instead pursue the PHRA's specific statutory remedy.").

Notably, the Plaintiff agrees that the PHRA provides a statutory remedy that precludes an action for wrongful discharge based on discrimination and concedes that Count VI should be dismissed. Because Plaintiff cannot maintain an action for

wrongful discharge in the face of the PHRA's statutory remedies, Count VI is dismissed with prejudice.

**F. FMLA Violations**

Defendant next contends that Plaintiff's claim in Count VIII must fail because she cannot plead any facts in support of her "bald assertion" that Defendants violated Plaintiff's rights under the FMLA. They argue that Plaintiff cannot state a claim under this count because she has not and cannot demonstrate that she was entitled to any FMLA benefits.  Plaintiff responds that she has stated that she was entitled to twelve weeks of FMLA leave and that Defendants violated her rights under the FMLA when they changed the policy after she had left on leave to preclude her from exercising those rights without notifying her of their change in policy.

The FMLA was enacted, in part, "to balance the demands of the workplace with the needs of families," and "to entitle employees to take reasonable leave for medical reasons." 29 U.S.C. § 2601(b)(1), (2).  A covered employer faces liability under the FMLA if it interferes with a right that the act guarantees, or if it retaliates against an employee for invoking the act's protections. 29 U.S.C. § 2615(a)(1); *see also Budhun v. Reading Hosp. & Medical Center*, 765 F.3d 245, 251 (3d Cir. 2014).  Specifically, the FMLA provides that "[i]t shall be unlawful for any

employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter." 29 U.S.C. § 2615(a)(1).  In order to assert an FMLA interference claim, an employee needs to show that: (1) she was entitled to benefits under the FMLA and (2) that she was denied them. *See Callison v. City of Phila.*, 430 F.3d 117, 119 (3d Cir. 2005); *see also Budhun*, 765 F.3d at 252.

It seems reasonably apparent to the Court that Plaintiff in this case is alleging an interference claim, as she contends that "Defendants by their actions violated the Plaintiff's rights under the Family Medical Leave Act."  Consequently, in order to plausibly plead a claim under the FMLA, she must plead that she was entitled to benefits and that she was denied them by her employer.  Plaintiff clearly pleads the latter element, that she was denied benefits by her employer; however, the parties contest whether she has adequately pled the former, that she was entitled to benefits under the FMLA.

It is the Court's view that Plaintiff has not adequately pled that she was entitled to FMLA benefits.  She merely states that she attempted to take time off under the FMLA, and she alludes to a possible entitlement to benefits by stating that she was unable to return to work because of her pregnancy and her illness. This alone, however, is insufficient to plead a claim for interference of rights under

the FMLA; it is too tenuous for this Court to infer an entitlement to benefits from the sparse facts before it.  In her Brief in Opposition to Defendants' Motion to Dismiss, Plaintiff states that she was entitled to twelve weeks of leave under the FMLA; however, as noted above, facts contained in a memorandum opposing the motion to dismiss are not to be taken into account by the Court, because such memoranda do not constitute pleadings under Rule 7(a). *See* James Wm. Moore *et al.*, *Moore's Federal Practice*, § 12.34[b]; *see also Pennsylvania ex rel. Zimmerman*, 836 F.2d at 181.  Therefore, Count VIII will be dismissed without prejudice with leave to amend to allege that Plaintiff was entitled to benefits under the FMLA.

## G. Individual Liability of Defendant Timco

### 1.     Liability of Individuals Under Title VII

Defendants argue that the Title VII claims in Counts III and IV should be dismissed as against Defendant Timco because individuals may not be held liable under Title VII.  Plaintiff concedes this argument and agrees that the Title VII claims against Defendant Timco should be dismissed.

Title VII refers specifically to the unlawful practices of *employers*. 42

24

U.S.C. § 2000e-2(a).  The statute further defines "employer" as a "person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000e(b).  It is fairly well-settled that this definition of "employer" under Title VII excludes individuals. *See Sheridan v. E.I. DuPont de Nemours and Co.*, 100 F.3d 1061, 1077 (3d Cir. 1996).  As such, Defendant Timco cannot be held liable as an individual under Title VII and Counts III and IV must be dismissed with prejudice as against Defendant Timco.

2.     Liability of Individuals Under the ADA

Defendant further argues that Count VII must be dismissed as against Defendant Timco because the ADA, like Title VII, does not provide for individual liability.  Plaintiff disagrees, asserting the contrary.

This point is moot given that the ADA claims in Plaintiff's Complaint have been dismissed as against both Defendants for failure to exhaust her administrative remedies.  *See infra* Part II.B.  Therefore, the Court does not need to decide at this juncture whether individuals can be held liable under the ADA.

3.     Exhaustion of Administrative Remedies

Finally, the Defendants argue that Plaintiff's PHRA claim in Count V must be dismissed as against Defendant Timco because she was not named as a

respondent in the administrative charge Plaintiff filed with the PHRC.  Plaintiff does not respond to this argument in her opposing brief.

Federal courts have uniformly held that the PHRA should be interpreted consistently with Title VII. *See Glickstein v. Neshaminy School Dist.*, No. 96-6236, 1997 WL 660636, at *10 (E.D.Pa. Oct. 22, 1997).  The Third Circuit has found that Title VII must be construed liberally to prevent its jurisdictional requirements from thwarting the statute's substantive policies. *See Glus v. G.C. Murphy Co.*, 562 F.2d 880, 887-88 (3d Cir. 1977).  Consequently, as courts relax Title VII's jurisdictional requirements, they necessarily relax those of the PHRA, especially where a plaintiff has named subsequent defendants in the body of an administrative charge. *See Kinally v. Bell of Pennsylvania*, 748 F.Supp. 1136, 1140 (E.D.Pa. 1990). Specifically, the court in *Glickstein* held that the plaintiff only named the school district as a respondent in her PHRC complaint.  Nevertheless, they declined to dismiss her complaint because she had cited conduct by the additional defendants in the body of her PHRC complaint. *See Glickstein*, 1997 WL 660636, at *11.

The present case is similar to *Glickstein* in that the current Plaintiff named only VNA and its executive director in her PHRC complaint.  However, in the body of her complaint she cites an abundance of conduct on the part of Defendant Timco which, she alleges, constituted, in part, the discrimination against her.  As

26

such, the Court will not dismiss Count V of Plaintiff's Complaint against

Defendant Timco, provided that Plaintiff amends her Complaint to allege

exhaustion of administrative remedies under the PHRC as discussed earlier in this

memorandum. *See infra* Part II.B.

## III. CONCLUSION

Defendants' Motion to Dismiss is granted in part and denied in part.  Counts

VI and VII are dismissed with prejudice in their entirety.  Counts III and IV are

dismissed with prejudice as against Defendant Timco.  Moreover, Counts V and

VIII are dismissed without prejudice as against both Defendants.  Finally, Counts I,

II, and IV are dismissed without prejudice as against VNA.  Plaintiff has leave to

amend all Counts dismissed without prejudice in accordance with this Court's

decision.

BY THE COURT:

/s Matthew W. Brann
Matthew W. Brann
United States District Judge